Summers, J.
“The remedy by injunction may be employed by the incumbent of a public office to protect his possession against the interference of an adverse claimant whose title is in dispute, until the latter shall establish his title at law; but it is not the appropriate remedy to try the title to a public office, or to determine questions concerning the authority to make appointments thereto.” Reemelin et al. v. Mosby, 47 Ohio St., 570. And “Injunction will not lie at the suit of a claimant to a public office who is out of possession, against an adverse claimant who is in possession.” Harding v. Eichinger, 57 Ohio. St., 371.
The controlling question in the first case is, whether Holbrock was in possession of the office.
Under the new municipal code the question, is not free from doubt.
Under the former code, councilmen were elected in April and they were required to meet for organization at the first regular meeting of the council after the second Monday in April of each' year. Section 1675, Revised Statutes (Bates, 3 ed.), provided, “The mayor, or in his absence or inability, the clerk, at the hour of the first regular meeting of the council, after the second Monday of April in each year, shall call to order the *398 members elect, and those holding over, who may be assembled; and as the members elect are called, they shall present their certificates of election and take the required oath.” Section 1662 made similar provision as to aldermen and councilmen. Then a councilman was not in possession of the office until he presented his certificate of election to the council, or to the members holding over and those elected and assembled for ■ the purpose of organizing, and was received and permitted to take and took the oath of office. The practice in Congress and other legislative bodies is, when a member’s election is contested, to treat the certificate of. election as prima facie conclusive of the holder’s election and as entitling him to be sworn in and to participate in the organization, and to act until the contest is determined upon its merits; but the certificate is not even prima facie evidence of his qualifications. Objections to eligibility are generally made at the time a person presents himself to be sworn in, and in such cases he is required to step aside, the house proceeds with its organization, the question of his eligibility is referred to a committee, which speedily reports the facts and the house then determines this question before he is permitted to be sworn. McCrary on Elections, Section 318.
By the constitutional amendment, (Article XVII, adopted in 1905) providing for biennial .elections, municipal elections are now required to be held in November and in the odd numbered years, and by Section 1536-610, Revised Statutes (Bates 6 ed.) the terms of members of council begin on the first day of January next after their *399 election, and Section 1536-611, Revised Statutes, (Bates 6 ed.) provides that “The members of council shall, within ten days from the commencement of their term, elect a president pro tem., clerk, who shall also perform the duties of city clerk unless otherwise specified in this act, and such other employes of council as may be necessary.” The effect of the amendment providing for biennial elections, and of the amendment to the statute changing' the commencement of the term of councilmen to the first Monday in January, is to lengthen the interval between the election and the commencement of the term. Whether there is any requirement in the municipal code that a member of council shall give bond or shall take an oath is doubtful. But Section 2, Revised Statutes, provides that, each person chosen, or appointed to an office under the constitution or laws of the state, and each deputy or clerk of such officer, shall, before entering upon the discharge of his duties, take an oath of office, and Section 1536-999, Revised Statutes, provides that, “The council may declare vacant the office of any one elected or appointed to an office who shall fail to take the oath required in Section 1737 (1536-996), or to give any bond required of him, within ten days after he has been notified of his appointment, or election,” and it may be that this explains why each member of the council had, before the meeting for organization in January, given a bond and taken the oath of office. Still it is provided by Section 1536-612 that, “Council shall be the judge of the election and qualification of its members.” And in *400 view of this provision and the practice of legislative bodies above referred to, we think that where the qualifications of a newly elected member are disputed by one of the members elect, as to whose election and qualification no question is made, that the member whose qualifications are disputed can not be held to be in possession of the office until his qualifications have been determined and he has been admitted as a member of the council.
It follows that ' the injunction was properly dissolved and the petition properly dismissed.